UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                )
UNITED STATES OF AMERICA        )
                                )
            v.                  )      CRIMINAL ACTION
                                )      NO. 13-10099-WGY
DAVID MINASIAN,                 )
                                )
            Defendant.          )
                                )
```

YOUNG, D.J.                                   October 13, 2016

## ORDER

David Minasian ("Minasian") filed a petition under 28 U.S.C. § 2255 to vacate and correct his sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and this Court's ruling in Ramirez v. United States, No. 10-10008-WGY, 2016 WL 3014646 (D. Mass. May 24, 2016). Mot. Correct Sentence Pursuant 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015), ECF No. 101. Specifically, he argues that applicable caselaw renders his categorization as a career offender improper, and that since he was sentenced as a career offender under the federal Sentencing Guidelines ("Guidelines"), his sentence ought be vacated. Id. at 2.

Minasian concedes that he has waived his right to challenge his sentence, but argues that enforcement of such waiver here would result in an "egregious" miscarriage of justice. Id. at

13 (citing <u>United States</u> v. <u>Bey</u>, 825 F.3d 75, 83 (1st Cir. 2016)).  The Court rules that the waiver here is enforceable, as its enforcement does not produce an egregious miscarriage of justice.

Since <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005), this Court consistently has calculated the constitutional maximum for a criminal sentence by determining the top of the advisory guideline range -- derived from the facts admitted by the defendant who pleads guilty or which are established by the jury verdict -- before applying any downward adjustment (including the three levels available under U.S.S.G. § 3E1.1 for sparing the Government the burden and expense of a trial).  <u>E.g.</u>, <u>United States</u> v. <u>Gurley</u>, 860 F. Supp. 2d 95 (D. Mass. 2012); <u>United States</u> v. <u>Birkett</u>, 501 F.Supp.2d 269, 277 (D. Mass. 2007); <u>United States</u> v. <u>Kandirakis</u>, 441 F. Supp. 2d 282 (D. Mass. 2006).

This Court applies that rationale here.  Even in the absence of the career offender enhancement, prior to any downward adjustment, Minasian's sentencing would have been based on a Guidelines range of 168 to 210 months.  His sentence of 180 months thus falls below the constitutional maximum of 210

months.  Accordingly, there is no miscarriage of justice in

enforcing his waiver.[1]

The Court, therefore, DENIES Minasian's petition to vacate

and correct sentence under 28 U.S.C. § 2255.  A certificate of

appealability will issue.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[1] In point of fact, here the career offender enhancement
played little role in the sentence actually imposed.  What drove
this sentence was Minasian's appalling sex trafficking of
vulnerable teenage girls.  At the time this sentence was
imposed, the Court pronounced it "fair and just."  It still is.